It appeared in evidence that the land on which the trespass is alleged to have been committed was a tract of 230 acres, which was part of a tract of 1,500 acres, of which Zachariah Lee, the husband of the plaintiff, died seized, who at the time of his death left a son and heir at law, now of the age of 31 years. This son had sold all the land except the 230 acres, some considerable time ago; then he sold the residue to John Field, who sold to the present defendant. Plaintiff had kept possession from the death of her husband until the conveyance to Field of the residue, which lately took place. She verbally assented to this latter conveyance, Field and the son on their parts agreeing that she should possess 100 acres during her life.
Upon these facts counsel for defendant insisted that the plea ofliberum tenementum was supported. He argued that though it be sometimes laid down in the books that possession is of itself sufficient to support an action of trespass quare clausum fregit, and that the action of trepass [trespass] is an action for the violation of possession, the true distinction is that possession only is sufficient to support the action against a mere trespasser, who hath no cause of justification or excuse, or, in other words. against a wrongdoer. 2 Str., 1238; Bull. 93. But where the defendant hath the freehold, and pleads it, there a bare (187) possession is not sufficient; for then the entry of the defendant is lawful, and not a trespass. In such case the plaintiff cannot otherwise support the action than by showing an interest in the soil or the profits, either derived under the defendant or precedent to his title, as will take away the defendant's right to enter for the present. Some of these instances are stated in Bull., 85, in the case of Welch and Hall
there cited; and others in 3 Bl. Com., 210; Bull., 93, 94. Here, indeed, the plaintiff hath continued the possession from the time of her husband's death, but upon his death the fee and freehold descended to the son, who it is proven lived upon the land with his mother, and consequently had the legal possession; and he hath conveyed both the fee and freehold to the defendant. His entry was therefore regular, unless it can be shown, notwithstanding the defendant's having the freehold, that she hath a right to maintain her possession against him. She hath not replied her having any such interest by way of avoiding the plea of liberum tenementum; indeed, the fact is, she hath no such interest to *Page 137 
reply. It hath been argued for her that upon the death of her husband she had a right to continue the possession, notwithstanding the heir's title, until her dower should be assigned; and for this her counsel cited 2 Bl. Com., 135. Allowing the fullest extent to this doctrine, she could continue but forty days in possession, and after the expiration of that time, if her dower had not been assigned in the interim, she was liable to be turned out of possession by the heir, and could have no other action but that of dower to recover the possession of any part; though before the expiration of the forty days the old law provided her with a writ de quarantina habenda, to be decided instanter by the sheriff. Co. Litt., 34, b; 2 Inst., 16; but no such writ lying after the forty days is proof that she was no longer entitled to possession, though her dower were not assigned. Had the law intended that her possession should continue until the actual assignment of dower, it would have provided a remedy in case of dispossession previous thereto.
As to the doubt suggested by one of the Court, relative to the estate in dower being considered as a part of the estate of the deceased still continuing, so that the law does not cast the freehold thereof, but only the reversion upon the heir, for which were cited the authorities of Co. Litt., 241, a 15, a 31, a and b 327, 44, 45 (see, also, Gilbert's Ten., 23; Hawk. Abr., 23): the best answer to that is 2 Bl. Com. 135, 136, where it is said, the assignment of dower must be made by the heir or his guardian, to entitle the lord of the fee to demand his services of the heir, who by his entry to assign dower becomes tenant of the land to the lord, and the widow immediate tenant to him. Whence it follows that the heir has the right of entry and freehold, which the law casts upon him from the moment of the ancestor's death, and not (188) a reversion only.
We entertain some doubt upon the facts stated in evidence relative to this plea of liberum tenementum. Let the jury give their verdict as they shall think proper; and if either party be dissatisfied, he may move for a new trial, and then the law will be more deliberately considered.
The jury found for the defendant, and the cause was no more stirred.
NOTE 1, BY REPORTER. — When the plea of liberum tenementum is pleaded, which is called the common bar in the action of trespass, if the defendant has not given a name to, or described exactly, the locus in quo, in his declaration, it becomes necessary for him to make a novel assignment, to which the defendant again pleads; but if the plaintiff describes the locus in quo in his declaration, with precision, then the plea of liberum tenementum puts it upon the *Page 138 
defendant to prove that the locus in quo thus described is his freehold; and the plaintiff need only deny the plea, without a novel assignment. And in the first case, if the plaintiff does not make a new assignment, ascertaining the place, the defendant may prove any close that is the freehold, and that will support his plea. But the freehold, I apprehend, must be proved to be within the place laid for the venue. Vide 2 Bl. Rep., 1089; Salk., 453; 6 Mo., 119. But if the action of trespass be de bonisasportatis, and the defendant pleaded that the locus in quo is his freehold, and that the goods were then damage feasant, then he must describe the place with certainty. The locality is a material part of his plea — and without it the plea is not good. So if to trespass the defendant pleaded son assault, proof of an assault by the plaintiff on the same day, or before the action brought, supports the plea. So that if in fact there were two batteries, one produced by the plaintiff's own assault, the other not, the plaintiff must new assign and distinguish the battery not brought on by his own assault; but if there are two counts stating the two batteries, and two justifications or pleas of son assault, one of them will be untrue, and upon that the plaintiff may recover without a new assignment. Buller, 92.
NOTE 2, BY REPORTER. — It appears evident from the authorities cited on that head above that the wife is deemed to continue the estate and possession of the husband after his death; the reason of which probably may be that if she claimed under the heir and not paramount, her dower, as being a part of his estate, might be subject to his prior charges and incumbrances, which is avoided by her claiming above him. Also, if she claimed under the heir and from him, and was not in, in continuance of her husband's estate, then if the husband was tenant in tail, and he died without issue, in that case there would be no heir nor any estate tail, and she would lose her dower. Yet by law she is dowable, and of necessity the estate tail of the husband must have continuance as to one-third until her death. Vide 8 Rep., 34; 6 Rep., 41; 2 Bac. Ab., 127. Again, were the dower a part of the heir's estate, then by the descent he might be remitted to his ancient and better title, and the estate descended thereby cease altogether, and the widow be defeated of dower. This the law (189) does not allow. Her dower, therefore, is not derived out of the heir's estate, nor supported by it, but out of the estate of the husband, continued by fiction of law after his death, which fiction is invented for the purpose of avoiding the inconveniences above stated, and others that might result were it not for this fiction.